IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD LEE TULLY, JR.                                            PLAINTIFF

v.                    Civil No. 5:23-cv-05192-TLB-CDC

WAL-MART ; DUSTIN LE ;
and KLAYTON HOLT                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Ronald L. Tully, Jr. ("Tully"), filed this action alleging the two individual Defendants, employees of Defendant Wal-Mart, used excessive force against him and caused him to be falsely arrested (ECF No. 1 at 4-6).   Tully proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

On July 1, 2023, Tully was exiting Wal-Mart when he heard two men, who did not identify themselves, yelling at him asking what was in his back pack.   (ECF No. 1 at 4).   The men grabbed both his arms.   *Id.*   Tully, who indicates he is mentally ill, felt he was being mugged.   *Id.*   From his previous experience of being mugged, Tully says he has learned to defend himself.   *Id.* at 5.   Tully was arrested and "falsely charged."   *Id.* at 9.

Tully indicates he has sued the Defendants in their official capacities only.   (ECF No. 1 at 5).   However, he failed to describe any custom, policy, or widespread practice that he believes caused the violation of his federal constitutional rights.   *Id.*

1

As relief, Tully asks for compensatory damages in the amount of $1,000,000.   (ECF No. 1 at 9).   Tully requests the discharge of the individual Defendants.   He also wants the charges against him dropped.   *Id.*   He says he has been suffering mental and psychological problems while in jail.   *Id.*

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

Section 1983 makes liable any "person who, under color of any statute, ordinance,

regulation, custom, or usage of any State" subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws" of the United States. 42 U.S.C. § 1983. To state a § 1983 claim, Tully must allege that the Defendant (1) while acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the constitution or the laws of the United States. *Hott v. Hennepin Cty., Minn.,* 260 F.3d 901, 905 (8th Cir. 2001).

In *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924 (8th Cir. 2022), the Court summarized when a private entity could be considered a state actor for § 1983 purposes. The Court said:

> Only a state actor can face § 1983 liability for action under color of state law. However, in a few limited circumstances, a private entity can qualify as a state actor. Whether a private entity commits state action is a necessarily fact-bound inquiry.
>
> To assess state action, this Court answers two questions. First, whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority.
>
> Second, whether the party engaging in the deprivation may be appropriately characterized as a state actor. This may occur in a few circumstances, including when (1) the private entity performs a traditional, exclusive public function, or (2) the government acts jointly with the private entity.
>
> Our ultimate conclusion must turn on the particular facts of the case, since only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance. The one unyielding requirement is that there be a close nexus not merely between the state and the private party, but between the state and the alleged deprivation itself. No such nexus exists where a private party acts with the mere approval or acquiescence of the state.

*Id*. at 928-29 (citations and internal quotation marks omitted).

3

Here, Wal-Mart is open to the public for retail sales.   "[A] private party's mere invocation of state legal procedures does not constitute state action."   *Youngblood v. Hy-Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001).   In *Youngblood,* a store employee believed the plaintiff had shoplifted.   *Id.*   The police arrived, spoke to the store employee, and viewed the evidence. *Id.*   Plaintiff was then arrested.   *Id.*   No state action was found to exist.   *Id.*   The Court distinguished the case of *Murray v. Wal-Mart, Inc.,* 874 F.2d 555, 558-59 (8th Cir. 1989) where state action was found.   It noted that in *Murray* the store employee was an employee of the police department and the police relied on the guard's incomplete version of the facts without undertaking any investigation.   *Id.*   In contrast, in this case, as in *Youngblood*, Tully has not alleged that Defendants Le and Holt were employees of the police department or that the police undertook no independent investigation.   Generally, store security guards who detain suspected shoplifters for a reasonable amount of time to either investigate or arrange for a police response and investigation are not state actors.   *Youngblood,* 266 F. 3d at 855; s*ee also, Elmore v. Harbor Freight Tools USA, Inc.,* No. 15-cv-00583, 2015 WL 13427700 (W.D. Mo. Dec. 30, 2015) (relying on *Youngblood,* 266 F.3d at 853).   Further, Wal-Mart cannot be deemed to have acted in concert with the police merely because it invoked state legal procedures.   *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 n.21 (1982).   Tully have failed to state a claim under § 1983.

Diversity jurisdiction does not exist either.   Both Tully and the Defendants are citizens of Arkansas.   To establish diversity jurisdiction, two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest.   28 U.S.C. § 1332(a).   There being no federal claims stated, Tully must turn to the state courts for any relief he believes he is entitled to.

## IV.    CONCLUSION

For these reasons, it is recommended that:

   (1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of January 2024.

*s/ Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE